USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1288 WILLIAM H. JONES, JR., Plaintiff, Appellant, v. COMMISSIONER, NH DEPARTMENT OF CORRECTIONS, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ ____________________ William H. Jones, Jr. on brief pro se. _____________________ Philip T. McLaughlin, Attorney General, Martin P. Honigberg, ______________________ _____________________ Senior Assistant Attorney General, and Jennifer Brooks Gavilondo, __________________________ Attorney, Civil Bureau, New Hampshire Attorney General's Office, on brief for appellees. ____________________ November 19, 1997 ____________________ Per Curiam. Plaintiff-appellant William H. Jones, __________ Jr. appeals following a district court judgment in favor of various prison and halfway house officials on his claims brought pursuant to 42 U.S.C. 1983. We affirm. Jones complains that the district court erred in setting aside an entry of default against Corporal Frank Cassidy. We review a district court decision to set aside a default solely for abuse of discretion. Leshore v. County of _______ _________ Worcester, 945 F.2d 471, 472 (1st Cir. 1991). Having _________ reviewed the record, we find no abuse of discretion in the instant case. We add that although Jones lists the grant of summary judgment in favor of Cassidy as an issue on appeal, he nowhere makes a developed argument that summary judgment was in error. Under the circumstances, we deem the issue waived. See King v. Town of Hanover, 116 F.3d 965, 970 (1st ___ ____ ________________ Cir. 1997). We add that even if the issue were not waived, summary judgment would be proper for the reasons stated by the district court. Jones also contends that the district court erred in granting summary judgment in favor of Officer Darren Basoukas Corporal Stephen Nolan, and Warden Michael Cunningham. Having reviewed the grant of summary judgment de __ novo, we find no reversible error. See Dubois v. United ____ ___ ______ ______ States Dep't of Agric., 102 F.3d 1273, 1283 (1st Cir. 1996), ______________________ -2- cert. denied, 117 S. Ct. 2510 (1997) (setting forth standard _____________ of review).  The claims against Basoukas and Nolan stemmed from Jones's allegations that he was denied insulin and a hypodermic needle on May 24, 1994 when he signed out of the halfway house to go to work. Both Basoukas and Nolan submitted affidavits denying any personal involvement in the alleged incident. Jones failed to submit any countervailing evidence on this point, and, contrary to his suggestion, the records submitted by defendants do not establish Nolan's presence at the "signing out." His tardy unsworn allegation to this effect, made in a pretrial statement, was insufficient to defeat summary judgment. See DeNovellis v. ___ __________ Shalala, 124 F.3d 298, 305-06 (1st Cir. 1997) ("The very _______ mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." (quoting Fed. R. Civ. P. 56(e) advisory committee's note to 1963 amendment)). F o r similar reasons, we reject Jones's challenge to the grant of summary judgment in favor of Cunningham. The claim against Cunningham at issue on appeal stemmed from the alleged denial of special diet meals at the halfway house. We agree with the district court that Jones failed to show "[a] link between defendant Cunningham's alleged indifference and [Jones's] non-receipt of medical meals." Jones introduced no -3- evidence, by way of affidavit or otherwise, that he ever made any member of Calumet House aware that his medical condition required a special diet. His tardy, unsworn allegations to the effect that staff knew he was on a special diet, made for the first time in his pretrial statement, are not grounds for reversal. Affirmed. _________ -4-